UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TABITHA HOUSTON, on her own behalf
and on behalf of those similarly situated

      Plaintiff,

v.                       Case No:   2:14-cv-245-FtM-38DNF

JT PRIVATE DUTY HOME CARE,
LLC,

      Defendant.
_____/

## **ORDER**[1]

    This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint or, in the alternative, Motion for a More Definite Statement (Doc. #17) filed on August 1, 2014. Plaintiff filed a Response in Opposition on August 18, 2014. (Doc. #18). Thus, the Motion is ripe for review.

### **Background**

    Plaintiff is a trained certified nurse's assistant ("CNA") and a former employee of Defendant. (Doc. #13 at 4). Defendant is a Florida limited liability company that operates a nursing registry in the state of Florida, including Lee County. (Doc. #13 at 3). Beginning in June 2011, Defendant hired Plaintiff as an independent contractor to work as a CNA for their nursing registry. (Doc. #13 at 4). As a part of Plaintiff's position as a CNA,

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Plaintiff conducted various job duties, including, but not limited to, taking care of clients who were not dwelling in a private home.  (Doc. #13 at 4).  Although classified as an independent contractor, Defendant controlled nearly every aspect of Plaintiff's employment, including her schedule, rate of pay, and various rules and regulations.  (Doc. #13 at 4-7).

Throughout Plaintiff's three-year employment with Defendant, Defendant failed to compensate Plaintiff at a rate of one and one-half times her normal rate of pay for all the hours that she worked in excess of forty hours during a week period.  (Doc. #13 at 6).  As Plaintiff explains, she worked "hundreds of overtime hours in weeks in which some or all of her work was performed outside of a private home"; but Plaintiff notes that she will not be able to exactly "quantify the value of her claim . . . [until] receipt of additional records from Defendant in discovery."  (Doc. #13 at 8).  Although Plaintiff worked "hundreds of overtime hours" outside of private homes, Defendant failed to compensate Plaintiff at the applicable overtime hourly rate.  (Doc. #13 at 8).  As a result of these factual allegations, Plaintiff asserts two counts in her Amended Complaint.  First, Plaintiff brings Count 1, seeking unpaid overtime wages.  (Doc. #13 at 9-10).  Second, Plaintiff brings Count 4 – which the Court notes should be titled Count 2 – seeking the Court to enter a declaratory judgment that she is entitled to overtime wages and an equal amount of liquidated damages.  (Doc. #13 at 10-11).

**Legal Standard**

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th

Cir.2004). The Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir.2008). Conclusory allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (discussing a Rule 12(b)(6) dismissal); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1036 n. 16 (11th Cir.2001).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott,* 610 F.3d 701, 708, n. 2 (11th Cir.2010). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Marsh,* 268 F.3d at 1036 n. 16. Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Iqbal,* 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal modifications omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

### Discussion

Defendant brings the instant Motion, asserting three positions as to why Plaintiff's Amended Complaint should be dismissed.  First, Defendant avers that Supreme Court precedent clearly indicates that people employed in the same capacity as Plaintiff are

exempted from the Fair Labor Standards Act of 1938 ("FLSA") overtime requirements, and therefore Plaintiff's claims fail. (Doc. #17 at 7-8). Second, Defendant contends that Plaintiff's Amended Complaint fails to plead enough factual detail to satisfy the Supreme Court's pleading standards set out in *Iqbal* and *Twombly*. (Doc. #17 at 8-10). Finally, and in the alternative, Defendant seeks an order dismissing Plaintiff's Amended Complaint and requiring her to provide a more definite statement in order to better allow Defendant to understand Plaintiff's claims. (Doc. #17 at 4-7). The Court will address each in turn.

   1. *Defendant's FLSA Overtime Exemption Argument*

   Defendant begins its Motion by arguing that "persons 'employed in domestic service employment to provide companionship services for individuals . . . unable to care for themselves'" are "exempted from the minimum wage and maximum hours rules of the [FLSA]." (Doc. #17 at 7). Specifically, Defendant cites to a Supreme Court case, *Long Island Care at Home, LTD, et al., v. Coke*, 551 U.S. 158, 167 (2007), that it believes "interpreted the specific arguments brought forth by Plaintiff in her [Amended Complaint]." (Doc. #17 at 3). In *Long Island at Home*, as Defendant explains, the Supreme Court held that a Department of Labor regulation, which statutorily exempted "companionship" workers employed by an employer or agency other than the family or household using their services, was valid and binding. (Doc. #17 at 8 (citing 551 U.S. at 162)). Therefore, Defendant believes that the Supreme Court determined that individuals conducting the same work and services as Plaintiff alleges she conducted for Defendant are exempt from the FLSA overtime requirements. (Doc. #17 at 8).

In response, Plaintiff first notes that Defendant's argument – i.e, Plaintiff's type of work is exempted from the FLSA overtime requirements – is black letter law, which is improper to raise on a motion to dismiss.  (Doc. #18 at 9).  As Plaintiff elucidates by citing to an additional Supreme Court case, "'the general rule is that the application of an exemption under the [FLSA] is a matter of affirmative defense on which the employer has the burden of proof.'"  (Doc. #18 at 9).  Therefore, Plaintiff contends that she "was under no obligation to anticipate and negate Defendant's purported affirmative defense in the [Amended Complaint]."  (Doc. #18 at 9).

As to the substance of Defendant's exemption argument, Plaintiff asserts that "Defendant's own cases and arguments acknowledge, [Plaintiff] would only be exempt from the requirements of the FLSA if the work she performed in a work week was within a private home."  (Doc. #18 at 8).  But Plaintiff directs the Court's attention to her Amended Complaint, where it is alleged, "time and time again, that Defendant assigned CNAs[, including Plaintiff], to work in locations outside of private homes, including in assisted living facilities. . . ."  (Doc. #18 at 8).  Plaintiff further notes that "although it is a case-by-case analysis, the typical assisted living arrangement will not qualify as a private home. . . ."  (Doc. #18 at 11).  Consequently, Plaintiff avers "not only [has] Defendant[] raised an exemption issue prematurely in [its] instant Motion to Dismiss, it is clear that [it is] unlikely to meet [its] heavy burden on the exemption issue at any point in this case."  (Doc. #18 at 14).

It is well-established in the Eleventh Circuit that "[g]enerally, the existence of an affirmative defense will not support a motion to dismiss."  *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *on reh'g*, 764 F.2d 1400 (11th Cir. 1985).  But

"a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Id.* (internal citations omitted). With that being said, "plaintiffs are not required to negate an affirmative defense in their complaint." *La Grasta,* 358 F.3d at 845 (internal citations and quotations omitted).

Based on the face of Plaintiff's Amended Complaint, the Court agrees with Plaintiff that it is inappropriate to dismiss this action, at this stage in the litigation, based on Defendant's alleged affirmative defense. In Plaintiff's Amended Complaint, Plaintiff provides eighty six paragraphs of allegations. (Doc. #13 at 1-11). Of these eighty six paragraphs, sixteen paragraphs allege that Plaintiff worked, or Defendant assigned CNAs to work, outside of private homes. (Doc. #13 at 2-4, 6-9, 11). While discovery in this action should help in determining exactly where Plaintiff worked during her tenure with Defendant, at the motion to dismiss stage, the Court must accept the factual allegations contained in Plaintiff's Amended Complaint as true. When Plaintiff's allegations that she worked outside of a private home setting are taken as true, it is unclear whether Defendant's FLSA exemption affirmative defense is applicable. As such, Defendant's Motion to Dismiss on the basis of an alleged affirmative defense must be denied.

2. *Whether Plaintiff's Amended Complaint Contains Sufficient Factual Specificity*

Defendant's second argument relates to the factual sufficiency of Plaintiff's Amended Complaint. In its Motion, Defendant asserts that Plaintiff "did not plausibly allege that she worked overtime without compensation under the FLSA, and on that basis alone, her [Amended] Complaint should be dismissed." (Doc. #17 at 8-9). In support of this argument, Defendant explains that "[w]hile the allegations pled by Plaintiff indicate

she worked over 40 hours on occasion, they lack the 'specificity' required, because though they 'raised the possibility' of an overtime claim, 'absent any allegation that Plaintiff[] [was] scheduled to work forty hours in a given week,' they do not state a plausible claim for relief."   (Doc. #17 at 9-10).   Moreover, Defendant continues its argument by noting that "although [Plaintiff] made allegations of more widespread improper behavior by [] [D]efendant in failing to pay her overtime[,] she did not estimate her hours in any or all weeks or provide any other factual context or content."   (Doc. #17 at 10).   Therefore, Defendant contends that "Plaintiff's [Amended] Complaint, as drafted is deficient in facts, at best, rendering prejudice to [] Defendant to respond appropriately." (Doc. #17 at 10).

In response, Plaintiff contests Defendant's argument regarding the factual sufficiency of her Amended Complaint and notes that her Amended Complaint "contains over fifty paragraphs of specific and detailed factual allegations."   (Doc. #18 at 16). Moreover, Plaintiff believes "Defendant's Motion to Dismiss is itself further evidence of Defendant's ability to respond to the [Amended] Complaint as stated, as it understands exactly the claim that is being brought against it."   (Doc. #18 at 16).   The Court agrees.

In *Sec'y of Labor v. Labbe*, the Eleventh Circuit noted that "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." 319 F. App'x 761, 763 (11th Cir. 2008).   Instead of a complex scheme, "[t]he elements that must be shown are simply a failure to pay overtime compensation . . . in accordance with the Act." *Id.* (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)). Therefore, where a "complaint alleges that since [a certain date], [the defendant]

repeatedly violated stated provisions of the FLSA by failing . . . to compensate employees who worked in excess of forty hours a week at the appropriate rates" the requisite pleading standard is satisfied.   "While these allegations are not overly detailed, [the Eleventh Circuit] find[s] that a claim for relief for failure . . . to provide overtime compensation . . . under FLSA does not require more."   *Id.*

A review of Plaintiff's Amended Complaint clearly indicates that she has met the requisite factual specificity required under the Federal Rules of Civil Procedure.  In her Amended Complaint, Plaintiff alleges that she was an employee of Defendant; that Defendant is a covered enterprise; that she worked in excess of forty hours per week for Defendant, in weeks during which some or all of her work was performed outside of private homes; that Defendant failed to pay her at one and one half her regular hourly rate for all hours worked in excess of forty hours in a work week in violation of the FLSA; and that Defendant had a uniform policy and practice of failing to pay such overtime compensation.  (Doc. #13 at 9-10, ¶¶ 64, 66-67, 69).  The Eleventh Circuit precedent of *Labbe* indicates that these allegations are sufficient to withstand a motion to dismiss for failure to state a claim under FLSA.  319 F. App'x at 763; *see also Ramos v. Aventura Limousine & Transp. Serv., Inc.*, Case No. 12-21693-CIV, 2012 WL 3834962 at *2 (S.D. Fla. Sept. 4, 2012) ("There is no requirement that the Plaintiff explicitly state the amount of damage, but only that the Plaintiff worked in excess of forty hours a week and was not paid overtime wages.").

In addition, the Court finds that the above reasoning – i.e., Plaintiff's Amended Complaint has been pled with enough factual specificity to withstand a motion to dismiss for failure to state a claim – equally applies to Defendant's Motion for a More Definite

Statement.  Consequently, both Defendant's Motion to Dismiss on the basis of Plaintiff's failure to meet the requisite pleading standards and Defendant's Motion for a More Definite Statement are denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Amended Complaint or Motion for More Definite Statement (Doc. #17) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of September, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record