Case 2:14-cv-00245-SPC-MRM   Document 44   Filed 10/27/15   Page 1 of 3 PageID 265

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TABITHA HOUSTON, on her own behalf
and on behalf of those similarly situated

    Plaintiff,

v.                                                          Case No:  2:14-cv-245-FtM-38MRM

JT  PRIVATE  DUTY  HOME  CARE,
LLC,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on the Plaintiff, Tabitha Houston and Defendant. JT Private Duty Home Care, LLC's Joint Stipulation for Dismissal with Prejudice (Doc. #43) filed on October 26, 2015.

The Parties filed their stipulation of dismissal in accordance with Fed. R. Civ. P. 45(a)(1)(A)(ii).  However, under Rule 41(a)(1)(A), parties are not permitted to stipulate to the dismissal of an action if doing so would run contrary to "any applicable federal statute." Farias v. Trade Secrets, LLC, 2014 WL 8771497, *1 (M.D. Fla. September 18, 2014). This is the settlement of an action filed under the Fair Labor Standards Act (FLSA), therefore, the Court must first review the settlement agreement for fairness. Id.  As Lynn's Food Stores v. United States emphasizes, the FLSA does not permit employees to settle,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

voluntarily dismiss with prejudice, or otherwise compromise their statutory claims without approval from a district court or the Secretary of Labor. 679 F.2d 1350, 1352–54 (11th Cir.1982) (holding that the FLSA's provisions are "mandatory" and "are not subject to negotiation or bargaining between employers and employees"). Rule 41(a)(1)(a)(ii) does not authorize parties to voluntarily dismiss an employee's FLSA claims with prejudice unless they first obtain the requisite approval. Farias, 2014 WL 8771497, at *1. (citing Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1247 (M.D. Fla. 2010) (rejecting a Rule 41(a)(1)(A)(ii) dismissal of an FLSA claim for failure to obtain judicial approval of the parties' settlement agreement)).

Because this case was brought pursuant to the FLSA, the Parties are required to provide the Court with sufficient information regarding the settlement in order for the Court to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of FLSA issues. Lynn's Food Stores, 679 F.2d at 1354-55. The Court directs the parties to submit the settlement information for review in a Motion for approval of an FLSA Settlement Agreement.

Accordingly, it is now

**ORDERED:**

Plaintiff, Tabitha Houston and Defendant. JT Private Duty Home Care, LLC's Joint Stipulation for Dismissal with Prejudice (Doc. #43) is **REJECTED**.  The Plaintiff Tabitha Houston is hereby directed to file a Motion with the Court  requesting the Court's approval of the FLSA settlement agreement in compliance with Lynn's Food Stores, Inc. v. United States, 679 F. 2d 1350, 1354-55 (11th Cir. 1982).

(1) The Motion shall include a copy of the settlement agreement signed by all parties, a brief description of the terms of the settlement, the number of hours and lost wages originally claimed by the Plaintiff and whether or not the Plaintiff's claims were settled by compromise, as well as the Plaintiff's Counsel's attorney's fees and costs and whether or not said fees and costs were negotiated separately from the FLSA claim as authorized by Bonetti v. Embarq. Mgmt. Co., 2009 WL 2371407 (M.D. Fla. Aug. 2009)[1]..

(2) The Plaintiff shall file her Motion for Approval the above listed information on or before **November 9, 2015**.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of October, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[1] The Bonetti Court held if the Plaintiff's recovery and attorney's fees were settled independently of the Plaintiff's claims, there would be no need to file the attorney's billing records unless the fees were out of line compared with the settlement agreement. Thus, the award of attorney's fees and costs would no longer require approval using the lodestar approach. See Order Doc. # 27.